

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

Overruled by M-758
Where Conflicts

March 29, 1951

Hon. M. C. Ledbetter
County Attorney
Cochran County
Morton, Texas

Opinion No. V-1162

Re: Authority of the com-
missioners' court to
lease a portion of the
land comprising Cochran
County Airport to a
local roping and polo
association.

Dear Sir:

Your request for an opinion reads in part as
follows:

"The Commissioners' Court of Cochran
County, under the provisions of Article
1269h of the Revised Civil Statutes, Acts
1941, purchased the following described
land for the establishment, maintenance,
and operation of a County Air Port:

"All of Labor Number 23, League Num-
ber 103, Jeff Davis County School Lands,
in Cochran County, Texas.

"The air port was constructed and
since such time has been in operation and
use as a public air port, maintained by
Cochran County. As in most cases of pub-
lic air ports the entire labor of land
purchased for this purpose is not neces-
sary for the operation of the same. This
being the case, the Commissioners' Court de-
sires to lease or permit the use of a por-
tion of said land, being approximately 360
feet by 150 feet, near a corner of said
tract to a local roping and polo associa-
tion. The Association proposes to use
this plot of land for the purpose of erect-
ing pens, an arena, and light poles, and
equipping the same for rodeo purposes. The
Association will finance the cost of con-
struction of this rodeo arena and other
necessary improvements in question there-
with, and said improvements will remain

the property of the Association. It is
anticipated that admission charges will
be collected by the Association to defray
the expenses of the rodeos and other en-
tertainments conducted by it.

"The question submitted involves the
authority of the Commissioners' Court un-
der Article 1269h - D & E as amended by
the Fiftieth Legislature of 1947 to permit
the use of this land acquired for air port
purposes, and now being used as such, for
the purposes of staging rodeos by an Asso-
ciation and admission fees to be charged
by said Association."

The decisions of the Texas courts have repeat-
edly held that the commissioners' court is a court of
limited jurisdiction and has only such powers as are con-
ferred upon it, either by express terms or by necessary
implication, by the statutes and Constitution of this
State. Childress County v. State, 127 Tex. 343, 92 S.W.
2d 1011 (1936); Von Rosenberg v. Lovett, 173 S.W. 508
(Tex.Civ.App. 1915, error ref.); Roper v. Hall, 280 S.W.
289 (Tex.Civ.App. 1925); Art. 2351, V.C.S.; 11 Tex. Jur.
632, Counties, Sec. 95.

The only authority for the commissioners'
court of a county of this State to lease or sell land
acquired by the county for the purpose of maintaining
and operating an airport is contained in subdivisions D
and E of Section 1, Article 1269h, V.C.S., as amended by
House Bill 688, Acts 50th Leg., 1947, ch. 273, p. 473,
which provide:

"D. In addition to the power herein
granted the Commissioners Courts of the
several counties of this State are hereby
authorized to lease any airport that has
been or may be acquired by the county, as
herein provided, to any incorporated city
or municipality within such county, or to
the Federal Government, or to any other
person, firm or corporation for the purpose
of maintaining and operating an airport;
and providing further that any incorporated
city having acquired land for an airport,
or an airport, under the authority of this
Act shall have the right to lease said land
or airport to the county in which such in-
corporated city is located.

"E.  In addition to the power which it may now have, the Commissioners Court of any county or the governing body of any incorporated city in this State, shall have the power to sell, convey or lease all or part of any airport or property connected therewith, heretofore established or that may be hereafter established; also any land which has been or may be acquired under the provisions of this Act, to the United States of America for any purpose necessary for National Defense, or for air mail purposes or any other public purpose; or to the State of Texas or any branch of the State Government which may be authorized to own or operate airports, and to any person, firm or corporation.  The Commissioners Court and governing body of any incorporated city shall promulgate rules and regulations for the use of any such airports."

Although subdivision E does not expressly state that a sale or lease of a portion of airport property to a person, firm, or corporation must be for some purpose connected with the maintenance and operation of an airport, we think this restriction is necessarily implied. The last sentence of this subdivision, which states that "the Commissioners Court and governing body of any incorporated city shall promulgate rules and regulations for the use of any such airports," shows that the property is still to be used as an airport after its sale or lease.  Sales or leases to the United States are restricted to "any purpose necessary for National Defense, or for air mail purposes or any other public purpose."  We think this language contemplates uses by the Federal Government which are connnected with the maintenance of airport facilities.  Likewise, the provision for sale or lease to the State of Texas or any branch of the State Government "which may be authorized to own or operate airports" indicates that the property shall continue to be used for airport purposes.  It might be contended that the omission of words of restriction in regard to a sale or lease to a person, firm, or corporation negates an intention on the part of the Legislature to impose any limitation on the uses to which the property was to be put.  However, in the light of its other provisions and the legislative history of this statute, we think it is more reasonable to conclude that the Legislature intended to impose similar restrictions on the uses to be made of the property by individuals, firms, and corporations.

Prior to 1947, this statute authorized cities, but not counties, to sell or lease all or any portion of their airports to the Federal Government, to the State Government, or to a person, firm, or corporation for certain purposes which, we think, were clearly intended to relate to the maintenance and operation of an airport. The purpose of the 1947 amendment, as stated in the caption and as borne out by the emergency clause, was to authorize commissioners' courts to lease or sell airports to any person, firm, or corporation. There was no intention to change the provisions of the existing law with respect to the power of cities to sell or lease to individuals, firms, or corporations, so as to remove the restriction that the property continue to be devoted to some use connected with the operation of an airport. The purpose of the amendment was merely to place counties in the same status as cities in regard to their power to sell or lease airport property.

It is our conclusion that the commissioners' court is authorized to lease land acquired for airport purposes only for some use which is connected with the maintenance and operation of an airport. Therefore, we are of the opinion that the Commissioners' Court of Cochran County cannot lease a portion of the land comprising the Cochran County Airport to a roping and polo association for rodeo purposes.

SUMMARY

The commissioners' court cannot lease a portion of land comprising the county airport to a roping and polo association for rodeo purposes. Art. 1269h, Subds. D and E, V.C.S.; Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936).

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By _John Reeves_
John Reeves
Assistant

JR:mw